IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAFAEL DOS SANTOS SILVA,

Petitioner,

vs.

WARDEN, LINCOLN COUNTY
DETENTION CENTER, et al.,

Respondents.

8:26-CV-131

MEMORANDUM AND ORDER
CONDITIONALLY GRANTING
PETITION FOR WRIT OF
HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He was arrested while on legal parole and asserts his detention is unlawful. The government asserts a hearing is not necessary, and the Court agrees. The Court will conditionally grant the petition.

BACKGROUND

The petitioner is a citizen of Brazil. In October 2021, he entered the United States and was inspected near Yuma, Arizona. He was not taken into custody or arrested, but released on an order of recognizance and placed in removal proceedings. *See* filing 12-1 at 1. He filed an application for asylum, which is still pending before the Board of Immigration Appeals. *See* filing 12 at 2. The petitioner has also filed applications for other types of visas, which are also pending.

On July 24, 2025, the petitioner attended a scheduled check-in at Fort Snelling, Minnesota. Immigration and Customs Enforcement arrested him, purportedly revoking his order of recognizance by an arrest warrant. *See* filing

12 at 2; filing 12-3. He was detained in Minnesota, but was moved to North Platte, Nebraska in December 2025.

## DISCUSSION

The Court is obviously aware of the recent Eighth Circuit decision adopting the government's interpretation of 8 U.S.C. § 1225. *See Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026). The Court is bound by that precedent, but the petitioner's claim raises other issues of law and fact.

*Avila* involved a noncitizen who entered the country "without inspection or admission." *Id*. But here, Border Patrol first encountered the petitioner in Arizona as he was arriving from Brazil. The government determined he was an "arriving alien," seeking admission to the country. If the government was going to detain the petitioner for removal proceedings, that was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226. *See Faizyan v. Casey*, No. 3:25-cv-2884, 2025 WL 3208844, at \*5 (S.D. Cali. Nov. 17, 2025); *Singh v. Noem*, No. 2:26-cv-427, 2026 WL 766228, at \*8 (D.N.M. March 18, 2026); *cf. Matter of Olty Cabrera-Fernandez, et al.*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023).

The government revoked the petitioner's conditional parole without giving him an opportunity to be heard. It now claims the petitioner is subject to mandatory detention under § 1225, even though his order of recognizance was issued under § 1226. Nothing in *Avila* permits the government to effectively recategorize scores of immigrants who were conditionally paroled under § 1226(a)(2)(B). Nor, considering the perennial factors of *Mathews v. Eldridge*, 424 U.S. 319 (1976), does the Fifth Amendment.

In determining whether a person has been provided due process, the Court considers the private interest affected, the risk of erroneous deprivation

2

through additional procedures, and the government's interest, both financially and administratively, in providing the additional process. *Id.*; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying *Mathews* test in the immigration detention context).

An immigrant on conditional parole is analogous to a criminal parolee. *E.g., Singh*, 2026 WL 766228, at *6 (collecting cases). The liberty of a parolee "includes many of the core values of unqualified liberty and its termination inflicts a grievous loss on the parolee and often on others." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Because the petitioner was granted conditional parole under § 1226 when he entered the United States in 2021, the revocation of his parole is governed by that statute.

While the statute does not require a pre-deprivation opportunity to be heard, *see Singh*, 2026 WL 766228, at *7, the regulations *do* allow a detainee to request a hearing before an immigration judge, 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The government has broad discretion in revoking a noncitizen's parole. § 1226(b). Thus, the risk of an erroneous deprivation of liberty is high, unless a person is provided the type of custody redetermination hearing already required by federal law. The government has no interest in detaining citizens without providing those hearings; there are no additional burdens—financial, administrative, or otherwise—in securing codified procedural safeguards.

When the petitioner was inspected in October 2021, he was paroled under § 1226(a)(2)(B). The petitioner's liberty interest in that parole is protected by the process due under the statute and corresponding regulations. Therefore, the proper remedy in this case is to order the government to provide the petitioner a bond hearing, to determine whether the petitioner may be released while his removal is pending.

Accordingly,

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.  The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before April 10, 2026**.

3.  If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.  **On or before April 13, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 6th day of April, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

4